**BEFORE
THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ZALE DELAWARE INC.,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>          Defendant. | COURT NO. 25-00139<br><br>**PUBLIC VERSION**<br><br>BRACKETED EXHIBITS A–C<br>ARE ENTIRELY CONFIDENTIAL AND HAVE BEEN OMITTED<br>FROM THE PUBLIC VERSION. |

## COMPLAINT

Zale Delaware Inc. ("Plaintiff"), by and through its attorneys, alleges and states as follows:

### CONTESTED DETERMINATION

1. This action challenges the denial of Plaintiff's protests contesting the refusal of Defendant, through its agency United States Customs and Border Protection ("CBP"), to pay certain claims for duty drawback under section 313 of the *Tariff Act of 1930*, *as amended* (the "*Tariff Act*"). *See* 19 U.S.C. § 1313.

### JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1581(a), because the action contests the denial of three (3) protests filed by the Plaintiff with CBP contesting CBP's refusal to pay drawback on three (3) claims for drawback filed pursuant to 19 U.S.C. § 1313.

3. This action is filed within the time limit prescribed in 19 U.S.C. § 1514(a) and 28 U.S.C. § 2636(a)(1).

4. As required by 28 U.S.C. § 2637(a), all liquidated customs duties in respect of the import entries designated as the basis of drawback in the claims were paid prior to the commencement of this action.

5. In this action, Plaintiff seeks an order holding that CBP's liquidations denying drawback were null and void, since the subject entries were liquidated as filed, by operation of law, pursuant to 19 U.S.C. § 1504(a)(2)(A).

### PARTIES AND STANDING

6. Plaintiff is a corporation organized under the laws of State of Delaware and does business from its facilities at 9797 Rombauer Road, Suite 100, Dallas, Texas.

7. Plaintiff is the real party in interest, because it is the party that filed certain drawback claims pursuant to 19 U.S.C. § 1313, which claims were denied. Plaintiff is also the party that filed the three protests contesting the refusal to pay claims for drawback, which protests were denied by CBP. Thus, Plaintiff has standing to file this action under 28 U.S.C. § 2631(a).

8. The United States is the Federal defendant, and the proper party against whom this suit is brought, because its constituent agency, U.S. Customs and Border Protection, a unit of the United States Department of Homeland Security, is the agency which denied Plaintiff's claims for duty drawback.

### STATEMENT OF FACTS

9. In 2013, CBP approved Plaintiff's drawback privilege to receive accelerated drawback payments and waived prior notice of exportation for Plaintiff's drawback program. Accordingly, from 2014 through 2016, Plaintiff received accelerated drawback payments concerning various drawback claims filed with CBP.

10. In 2014 and 2015, on the specific dates noted in the Summons for this action, Plaintiff filed drawback claims numbered 98U-10080182 ("Drawback Claim No. 182"), 98U-12220190 ("Drawback Claim No. 190") and 98U-06240253 ("Drawback Claim No. 253") with CBP, and has received accelerated payment from CBP.

11. Drawback Claim No. 182 was filed on October 15, 2014. *See* ECF No. 7-2. After extending the liquidation date for this claim, CBP finally liquidated Drawback Claim No. 182 on August 11, 2023, close to nine years after the initial claim date. The details about the consumption entries underlying Drawback Claim No. 182 are provided in Exhibit A. *See* Exhibit A and ECF NO. 7-2. Accordingly, the last date on which the underlying consumption entries became final (*i.e.*, 180 days after the liquidation date) was January 18, 2017, more than six years prior to the date CBP liquidated Drawback Claim No. 182.

12. Drawback Claim No. 190 was filed on December 30, 2014. *See* ECF No. 7-3. After extending the liquidation date for this claim, CBP finally liquidated the Drawback Claim No. 190 on August 11, 2023, close to nine years after the initial claim date. The details about the consumption entries underlying Drawback Claim No. 190 are provided in Exhibit B. *See* Exhibit B and ECF No. 7-3. Accordingly, the last date on which the underlying consumption entries became final (*i.e.*, 180 days after the liquidation date) was January 25, 2017, more than six years prior to the date CBP liquidated Drawback Claim No. 190.

13. Drawback Claim No. 253 was filed on July 2, 2015. *See* ECF No. 7-1. After extending the liquidation date, CBP finally liquidated the Drawback Claim No. 253 on July 5, 2019, more than four years after the initial claim date. The details about the consumption entries underlying Drawback Claim No. 253 are provided in Exhibit C. *See* Exhibit C and ECF No. 7-1. Accordingly, the last date on which the underlying consumption entries became final (*i.e.*,

Case 1:25-cv-00139-N/A   Document 8   Filed 11/24/25   Page 4 of 16

PUBLIC VERSION

180 days after the liquidation date) was January 18, 2017, approximately six months prior to the date on which CBP liquidated Drawback Claim No. 253.

14.  On October 18, 2019, Plaintiff submitted Protest No. 100119100351 ("Protest No. 351") against CBP's decision to liquidate Drawback Claim No. 253 at zero drawback duties. *See* ECF No. 7-1. On December 12, 2023, Plaintiff submitted two additional protests—Protest Nos. 100124101530 ("Protest No. 530") and 100124101531 ("Protest No. 531")—against CBP's decision to liquidate Drawback Claim Nos. 182 and 190, respectively, at zero drawback duties.

15.  On January 1, 2025, CBP denied Protest Nos. 530 and 531 and agreed with the decision to deny Drawback Claim Nos. 182 and 190. CBP reasoned that the drawbacks are not "eligible for deem liquidation as they have imports that were not liquidated and final in the first year." On March 14, 2025, CBP similarly denied Protest No. 351 "due to the importer inability to provide requested information from the Drawback Specialist."

16.  On March 21, 2025 and March 28, 2025, following CBP's denial of Protest Nos. 351, 530 and 531, Plaintiff completed the payments pertaining to denied Drawback Claim Nos. 182, 190 and 253, including accrued interest, as reflected on CBP's bills numbered 47962736, 60149954 and 60149955.

17.  On June 24, 2025, within 180 days after the date of the denial of Protest Nos. 351, 530 and 531, Plaintiff timely filed summons with the Court to contest CBP's denial.

## STATUTORY FRAMEWORK

18.  Section 504 of the *Tariff Act*, 19 U.S.C. § 1504, establishes deadlines for the liquidation of entries and claims, including the concept of "deemed liquidation." Under paragraph (2) of section 504(a), unless liquidation is suspended or extended, any entry or claim

- 4 -

for drawback that is not liquidated within one year from the date of entry or claim is deemed liquidated by operation of law at the drawback amount asserted by the claimant.

19.   Before the one-year time period elapses, however, CBP may extend the time in which it may liquidate a drawback claim up to three years, resulting in a maximum of four years from the date of the claim before deemed liquidation occurs.  *See* 19 U.S.C. § 1504(b).  If CBP extends the liquidation period, the claim is deemed liquidated "at the rate of duty, value, quantity, and amount of duty asserted by the importer of record, or the drawback amount asserted by the drawback claimant," at the expiration of the four-year period.  *Id.*; *see also Performance Additives, LLC v. United States*, 705 F. Supp. 3d 1385, 1397 (explaining that, upon extension under 19 U.S.C. § 1504(b), "the one-year period of section 1504(a)(2)(A) became a three-year period by operation of the extension provision of section 1504(b)," resulting in a total of four years).

### STATEMENT OF CLAIMS

#### COUNT ONE

20.   Paragraphs 1–19 are incorporated by reference.

21.   Drawback Claim No. 182 was filed on October 15, 2014.  *See* ECF No. 7-2. According to Customs' Automated Commercial Environment ("ACE") records, liquidation of this drawback claim was "extended" by CBP.

22.   On August 11, 2023, nearly nine years after the claim was filed, CBP liquidated Drawback Claim No. 182, denying any drawback.  *See* ECF No. 7-2.  The last date on which the underlying consumption entries became liquidated and final (*i.e.*, 180 days after the respective liquidation dates) was January 18, 2017.  *See* Exhibit A and ECF No. 7-2.  Due to CBP's extension of the liquidation period for Drawback Claim No. 182, the claim should have

been deemed liquidated by operation of law on October 15, 2018—four years after the claim was filed—in accordance with 19 U.S.C. § 1504(b).

23. Because Drawback Claim No. 182 was deemed liquidated by operation of law as of October 15, 2018, with allowance of drawback in the amount stated in the claim, CBP's subsequent liquidation on August 11, 2023—five years after the deemed liquidation date—denying drawback was contrary to law, null, void, and without legal effect. CBP lacked authority to liquidate or reliquidate the claim after deemed liquidation occurred pursuant to 19 U.S.C. § 1504(b).

### COUNT TWO

24. Paragraphs 1–23 are incorporated by reference.

25. Drawback Claim No. 190 was filed on December 30, 2014. *See* ECF No. 7-3. According to Customs' ACE records, liquidation of this drawback claim was "extended" by CBP.

26. On August 11, 2023, nearly nine years after the claim was filed, CBP liquidated Drawback Claim No. 190, denying any drawback. *Id*. The last date on which the underlying consumption entries became liquidated and final (*i.e.*, 180 days after the respective liquidation dates) was January 25, 2017. *See* Exhibit B and ECF No. 7-3. Due to CBP's extension of the liquidation period for Drawback Claim No. 190, the claim should have been deemed liquidated by operation of law on December 30, 2018—four years after the claim was filed—in accordance with 19 U.S.C. § 1504(b).

27. Because Drawback Claim No. 190 was deemed liquidated by operation of law as of December 30, 2018, with allowance of drawback in the amount stated in the claim, CBP's subsequent liquidation on August 11, 2023—five years after the deemed liquidation

date—denying drawback was contrary to law, null, void, and without legal effect. CBP lacked authority to liquidate or reliquidate the claim after deemed liquidation occurred pursuant to 19 U.S.C. § 1504(b).

### COUNT THREE

28. Paragraphs 1–27 are incorporated by reference.

29. Drawback Claim No. 253 was filed on July 2, 2015. *See* ECF No. 7-1. According to Customs' ACE records, liquidation of this drawback claim was "extended" by CBP. *Id.*

30. On July 5, 2019, more than four years after the initial claim date, CBP liquidated Drawback Claim No. 253, denying any drawback. *Id.* The last date on which the underlying consumption entries became liquidated and final (*i.e.*, 180 days after the respective liquidation dates) was January 18, 2017. *See* Exhibit C and ECF No. 7-1. Due to CBP's extension of the liquidation period for Drawback Claim No. 253, the claim should have been deemed liquidated by operation of law on July 2, 2019—four years after the claim was filed—in accordance with 19 U.S.C. § 1504(b).

31. Because Drawback Claim No. 253 was deemed liquidated by operation of law as of July 2, 2019, with allowance of drawback in the amount stated in the claim, CBP's subsequent liquidation on July 5, 2019, denying drawback was contrary to law, null, void, and without legal effect. CBP lacked authority to liquidate or reliquidate the claim after deemed liquidation occurred pursuant to 19 U.S.C. § 1504(b).

**PUBLIC VERSION**

## PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE, Plaintiff respectfully requests that this Court:

(A)    Enter an order declaring that CBP's denial of Drawback Claim Nos. 182, 190 and 253 are unlawful, null, and void;

(B)    Direct the appropriate CBP officer to reliquidate Drawback Claim Nos. 182, 190 and 253 with allowance of drawback, and directing CBP to pay the drawback to Plaintiff, together with interest as provided by law; and

(C)    Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Samir D. Varma
Samir Varma (Lead)
Kerem Bilge
Aaron Mandelbaum

THOMPSON HINE LLP

1919 M Street, NW, Suite 700
Washington, DC  20036-3537
Telephone:  (202) 263-4136
Email:  samir.varma@thompsonhine.com

*Counsel to* ZALE DELAWARE INC.

Date:  November 24, 2025

**PUBLIC VERSION**

BEFORE
THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ZALE DELAWARE INC.,<br><br>                           Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>                          Defendant. | COURT NO. 25-00139<br><br>**PUBLIC VERSION**<br><br>BRACKETED EXHIBITS A–C<br>ARE ENTIRELY CONFIDENTIAL AND HAVE BEEN OMITTED<br>FROM THE PUBLIC VERSION. |

———————————————

# COMPLAINT

## EXHIBITS

———————————————

Samir Varma (Lead)
Kerem Bilge
Aaron Mandelbaum

THOMPSON HINE LLP

1919 M Street, NW, Suite 700
Washington, DC  20036-3537
Telephone:  (202) 263-4136
Email:  samir.varma@thompsonhine.com

*Counsel to ZALE DELAWARE INC.*

November 24, 2025

<u>**PUBLIC VERSION**</u>

BRACKETED EXHIBITS A–C ARE ENTIRELY CONFIDENTIAL
AND HAVE BEEN OMITTED FROM THE PUBLIC VERSION.

BEFORE
THE UNITED STATES COURT OF INTERNATIONAL TRADE

USCIT COURT NO. 25-00139

**ZALE DELAWARE INC. V. UNITED STATES**

<u>**COMPLAINT**</u>

NOVEMBER 24, 2025

<u>**EXHIBITS**</u>

| | | |
|---|---|---|
| EXHIBIT A | DETAILS ABOUT THE CONSUMPTION ENTRIES UNDERLYING DRAWBACK CLAIM NO. 182 | Public Version |
| EXHIBIT B | DETAILS ABOUT THE CONSUMPTION ENTRIES UNDERLYING DRAWBACK CLAIM NO. 190 | Public Version |
| EXHIBIT C | DETAILS ABOUT THE CONSUMPTION ENTRIES UNDERLYING DRAWBACK CLAIM NO. 253 | Public Version |

<u>**PUBLIC VERSION**</u>

BRACKETED EXHIBIT A IS ENTIRELY CONFIDENTIAL
AND HAS BEEN OMITTED FROM THE PUBLIC VERSION.

# <u>EXHIBIT A</u>

DETAILS ABOUT THE CONSUMPTION ENTRIES

UNDERLYING DRAWBACK CLAIM NO. 182

BEFORE THE UNITED STATES COURT OF INTERNATIONAL TRADE

USCIT COURT NO. 25-00139

**ZALE DELAWARE INC. v. UNITED STATES**

**COMPLAINT**

<u>**EXHIBITS**</u>

NOVEMBER 24, 2025

**INFORMATION IS NOT SUSCEPTIBLE TO PUBLIC SUMMARY.**

<u>**PUBLIC VERSION**</u>

BRACKETED EXHIBIT B IS ENTIRELY CONFIDENTIAL
AND HAS BEEN OMITTED FROM THE PUBLIC VERSION.

# <u>EXHIBIT B</u>

DETAILS ABOUT THE CONSUMPTION ENTRIES

UNDERLYING DRAWBACK CLAIM NO. 190

BEFORE THE UNITED STATES COURT OF INTERNATIONAL TRADE

USCIT COURT NO. 25-00139

**ZALE DELAWARE INC. V. UNITED STATES**

**COMPLAINT**

<u>**EXHIBITS**</u>

NOVEMBER 24, 2025

**INFORMATION IS NOT SUSCEPTIBLE TO PUBLIC SUMMARY.**

Case 1:25-cv-00139-N/A    Document 8    Filed 11/24/25    Page 14 of 16

<u>**PUBLIC VERSION**</u>

BRACKETED EXHIBIT C IS ENTIRELY CONFIDENTIAL
AND HAS BEEN OMITTED FROM THE PUBLIC VERSION.

# <u>EXHIBIT C</u>

DETAILS ABOUT THE CONSUMPTION ENTRIES

UNDERLYING DRAWBACK CLAIM NO. 253

BEFORE THE UNITED STATES COURT OF INTERNATIONAL TRADE

USCIT COURT NO. 25-00139

**ZALE DELAWARE INC. V. UNITED STATES**

**COMPLAINT**

<u>**EXHIBITS**</u>

NOVEMBER 24, 2025

**INFORMATION IS NOT SUSCEPTIBLE TO PUBLIC SUMMARY.**